UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ELAINE DISCUILLO,            |                          |
| Plaintiff,                   | No. 3:17-cv-00234 (MPS)  |
| v.                           |                          |
| ALLSTATE INSURANCE COMPANY,  |                          |
| Defendant.                   |                          |

**RULING ON MOTION TO DISMISS**

The plaintiff, Elaine Discuillo, brings suit against the defendant, Allstate Insurance Company ("Allstate"), based on the latter's alleged refusal to honor the terms of Ms. Discuillo's homeowner's property insurance policy. Ms. Discuillo sets out two claims against Allstate: (i) specific performance (count one); and (ii) breach of contract (count two). Allstate moves to dismiss count one of Ms. Discuillo's complaint. Plaintiff has not filed a response to the motion. For the reasons set forth below, Allstate's motion is denied.

**I.      Factual Allegations**

Plaintiff makes the following factual allegations in her amended complaint, which I assume to be true.

Ms. Discuillo owns property located in Oakdale, Connecticut. (ECF No. 24, Count One, at ¶ 1).[1] At all times relevant to this case, Ms. Discuillo "was insured under a homeowner's

---

[1] Since Ms. Discuillo includes all of her factual allegations in the counts set out in her complaint and restarts the numbering of her paragraphs with each count, I cite her factual allegations using the particular count under which they fall.

property insurance policy issued by the defendant." (*Id.* at ¶ 3). "On or about February 10, 2015, and days and weeks thereafter, while said policy was in full force and effect, a snow and/or ice storm caused damage to [Ms. Discuillo's] home and personal property." (*Id.* at ¶ 4). Despite the fact that Ms. Discuillo's insurance policy with Allstate included "the right to an appraisal of the loss," (*id.* at ¶ 5), Allstate "refused and/or failed" to provide such an appraisal. (*Id.* at ¶ 6). Ms. Discuillo "is entitled to a determination through the appraisal process of the amount of the total loss made by an appraisal panel consisting of competent and independent appraisers and an independent umpire," (*id.* at ¶ 7), and has "no adequate remedy at law" to attain such relief. (*Id.* at ¶ 8).

## I. Legal Standard

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted)). While the Court must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims. . . ." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004).

## II. Discussion

Since Plaintiff declined to file a response to State Farm's motion to dismiss, I must determine whether Plaintiff's "pleadings provide sufficient grounds to deny the motion." Local Civ. R. 7(a)(1).

Allstate's sole argument in its motion to dismiss the first count of Ms. Discuillo's complaint—which comprises a demand for specific performance—is that specific performance "is more appropriately considered a remedy, as opposed to a separate, stand-alone cause of action." (ECF No. 26 at 4). However, several Connecticut courts have entertained stand-alone specific performance causes of action. *See Kevalis v. Nationwide Mut. Ins. Co.*, No. CV020079667S, 2003 WL 539722, at *2 (Conn. Super. Ct. Feb. 11, 2003) (denying motion to strike counts for specific performance on basis that "although plaintiffs were not required to plead specific performance as a separate equitable cause of action, [the defendant] has not asserted a sufficient ground to strike the [counts]"); *Stevens v. Allstate Ins.*, No. CV00071957S, 2002 WL 237330, at *1 (Conn. Super. Ct. Jan. 24, 2002) ("The plaintiff has alleged the necessary elements for a claim of specific performance and thus may plead in the alternative seeking the equitable remedy."). Also, the Connecticut Supreme Court has entertained stand-alone causes of action for specific performance. *See DeBlasio v. Aetna Life & Cas. Co.*, 186 Conn. 398, 398 (1982) (noting that the plaintiff sought "specific performance of an automobile insurance contract"); *Bender v. Bender*, 292 Conn. 696, 702 (2009) (affirming trial judge's decision dismissing "plaintiffs' count seeking damages for breach of contract . . . but rendering judgment in favor of the plaintiffs on the count for specific performance"). Thus, although Allstate is correct that Ms. Discuillo did not have to plead specific performance as a separate cause of action, her decision to do so does not merit the dismissal of the claim.

I therefore deny Allstate's motion to dismiss Ms. Discuillo's first count.

## III. Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 25) is hereby DENIED.

IT IS SO ORDERED.

   /s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
January 18, 2018